12-2710-cr
*United States v. Ortiz*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
         SUSAN L. CARNEY,
         J. CLIFFORD WALLACE,*
                  *Circuit Judges.*

───────────────────────────────

UNITED STATES OF AMERICA,

                           *Appellee*,

        -v.-                                    12-2710-cr

RICHARD ORTIZ,

                  *Defendant-Appellant*.

───────────────────────────────

FOR APPELLANT:      YUANCHUNG LEE, Federal Defenders of New
                    York, Inc. Appeals Bureau, New York, NY.

FOR APPELLEE:       ROBERT T. POLEMENI, Assistant United
                    States Attorney (David C. James,
                    Assistant United States Attorney, *on the
                    brief*), *for* Loretta E. Lynch, United

───────────────

\* Judge J. Clifford Wallace of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York is **AFFIRMED**.

Defendant-Appellant Richard Ortiz appeals from a judgment by the United States District Court for the Eastern District of New York (Cogan, *J.*) imposing a sentence of 30 months' imprisonment and three years' supervised release for Ortiz's escape from a halfway house in violation of 18 U.S.C. § 751(a). The district court calculated a sentencing guidelines range of 30-37 months after agreeing with the government that a five-level enhancement was warranted under U.S.S.G. § 2P1.1(b)(1) for Ortiz's use of force in the course of his escape. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review the district court's interpretations of the Sentencing Guidelines de novo and its related findings of fact for clear error." *United States v. Cain*, 671 F.3d 271, 301 (2d Cir. 2012). In 2007, Ortiz was sentenced to 62 months' imprisonment in connection with being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Ortiz was serving the final three months of his sentence at a halfway house when it was discovered that he presented a non-human urine sample during a drug test. When United States Marshals arrived at the halfway house to collect Ortiz and return him to the custody of the Bureau of Prisons, Ortiz panicked and ran, pushing through two halfway house staff members in the process. The district court determined that Ortiz intentionally pushed the staff members out of his way with reckless disregard for their safety. On this basis, the district court granted a five-level enhancement pursuant to U.S.S.G. § 2P1.1(b)(1) because "the use . . . of force against any person was involved" in Ortiz's escape.

Ortiz argues that the district court erred by increasing his offense level pursuant to U.S.S.G. § 2P1.1(b)(1) because Ortiz only recklessly, rather than intentionally, used force against two halfway house staff members when he fled the premises. We agree with the district court that Ortiz's use of force was intentional and that his mental state with respect to its **consequences** is irrelevant. "[A] person would 'use . . . physical force against' another when pushing him." *Leocal v. Ashcroft*, 543

U.S. 1, 9 (2004).  Because U.S.S.G. § 2P1.1(b)(1) does not mandate any particular degree of intent with regard to the results of a person's use of force, Ortiz's actions satisfied the provision by virtue of the court's finding that he intentionally ran into two staff members and pushed them out of his way.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4